ELAYNA J. YOUCHAH
Nevada State Bar No. 5837
DIONE C. WRENN
Nevada State Bar No. 13285
JACKSON LEWIS P.C.
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
youchahe@jacksonlewis.com
dione.wrenn@jacksonlewis.com
Tel: (702) 921-2460
Fax: (702) 921-2461

*Attorneys for Defendant
Ranalli, Zaniel, Fowler & Moran, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN DOE, individually,<br><br>Plaintiff,<br><br>-vs-<br><br>RANALLI, ZANIEL, FOWLER & MORAN, LLC, a Nevada Limited Liability Company, DOES I-X, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendant. | CASE NO. 2:17-cv-02556-JAD-CWH<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING DISCLOSURE OF CONFIDENTIAL AND JOHN DOE DESIGNATED INFORMATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff John Doe ("Plaintiff") and Defendant Ranalli, Zaniel, Fowler & Moran, LLC ("Defendant") (Defendant with Plaintiff collectively as the "Parties" or individually as "Party") hereby submit this proposed Stipulated Protective Order for the purpose of ensuring that Confidential and John Doe Designated Information, as defined below, exchanged during discovery or potentially submitted to the Court by the Parties is not disclosed or used for any purpose outside of the above captioned lawsuit. Accordingly, the Parties hereby stipulate, subject to approval and entry of an Order by the Court, to the following:

I.  **Definitions and Terms**

1. "Confidential Information" means any document, information, or material involving or containing sensitive personal, business, or financial information; any portion of a third party's personnel file, which the producing Party reasonably and in good faith believes contains proprietary and/or sensitive information not available in the public domain; or information to which an individual or company has an established and legitimate right to privacy or confidentiality. The information generally includes, but is not limited to, information concerning a person's financial or health information; non-public corporate financial information; confidential technical, sales, marketing, personal, financial, or other commercially-sensitive information; and any other information that the designating party reasonably and in good faith believes as worthy of protection as confidential or privileged.

2. "John Doe Designated Information" (hereinafter "JDDI") means any document, information, or material containing Plaintiff's name that pertains to medical information, pertaining to HIV/AIDS or any other blood-borne illness, the disease/illness that Plaintiff claims was the motivation for his termination.

3. "Disclosed" is used in its broadest sense and includes, but not limited to, *inter alia*, directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

4. "Discovery Material(s)" means any information presented in documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or written information, whether produced voluntarily or involuntarily, in response to discovery requests in this litigation by any party.

5. "Document" is defined as the term is used in the Federal Rules of Civil Procedure 34(a) and includes (i) any writing, original, and duplicate, previously produced in this action by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

6. "Expert" means any person who is not one of the Parties but who falls under the provisions of FRCP 26(b)(4), including, but not limited to, any expert who has been specially retained but is not expected to testify, and any expert who has been informally consulted by but not retained. An Expert shall be limited to an individual who, in the judgment of the counsel designating the Expert, is reasonably necessary for development and presentation of that Party's case. Experts include outside experts or consultants retained to provide technical or other expert services such as expert testimony, and rebuttal expert testimony.

7. "Later Appearing Party(ies)" means any individual or entity, other than the Parties, who is joined, either voluntarily or involuntarily, to the Litigation after this Order has been executed by the Parties and entered by the Court.

8. "Litigation" means the civil law suit commenced by Plaintiff against Defendant in the United States District Court, District of Nevada under case number 2:17-cv-02556-JAD-CWH and styled as *John Doe v. Ranalli, Zaniel, Fowler & Moran*.

9. "Protective Order" means this order, which has been styled as *Stipulated Protective Order Governing Disclosure Confidential or John Doe Designated Information*.

10. "Under Seal" is defined as sealing confidential documents consistent with the procedure laid out in the local rule IA 10-5 of the United States District Court, District of Nevada. In the event that the United States District Court, District of Nevada publishes a new procedure for the filing of documents under seal, the Parties may follow said published procedure.

11. The protections conferred by this Stipulated Protective Order cover not only Confidential Information (as defined above) and JDDI (as defined above), but also (a) any information copied or extracted from Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information/JDDI; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Materials. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any

information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Confidential Material at trial shall be governed by a separate agreement or order.

12. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

II. **Effect of Designating Materials as Confidential or JDDI, and Obligation of the Parties to Use Reasonable Care in Such Designation**

Any Discovery Material or other Documents, information, or materials may be designated as "Confidential" or "JDDI" under this Order. The assertion of this designation of "Confidential" or "JDDI" shall constitute a representation to the Court that counsel for the producing Party believes in good faith that the material so designated such information as defined in this Order. Except with the prior written consent of the producing Party or by court order or as otherwise compelled by force of law, no Discovery Materials or other Documents, information, or materials stamped "Confidential" or "JDDI" may be disclosed to any person except as permitted by the procedures herein.

The Parties will use reasonable care to avoid designating any Documents or information as "Confidential" or "JDDI" that is generally available to the public or is otherwise not entitled to such designation. The Parties shall designate only that part of a document or deposition that contains Confidential or John Doe Designated Information, rather than the entire document or deposition.

1. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – JDDI" on each page of any Document containing such designated Confidential Material.

2. For Testimony given in depositions, the Designating Party may either:

    (a) If reasonable practicable, identify on the record at the time the subject matter is introduced, that the subject matter constitutes "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – JDDI" information;

    (b) If the subject matter or responses to inquiries are not identified at the time of questioning, then before the close of the deposition, identify on the record to the extent reasonably practicable by specifying all portions of the Testimony that qualifies as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – JDDI"; or

    (c) designate the entirety of the testimony at the deposition, or, if not so designated at the deposition, within 21 days from receipt of the final transcript, as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – JDDI" with the right to identify more specific portions of the testimony as to which protection is sought within 45 days following receipt of the deposition transcript. If a Party intends to publicly file portions of the transcript or otherwise make them

available to the public before expiration of the 21 day period, the Party intending to publicly file or otherwise make available portions of the transcript must, in good faith, notify opposing counsel and request an expedited review of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – JDDI" may be separately bound by the court reporter, who must affix to the top of each page the legend "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – JDDI," as instructed by the Designating Party.

III. **Designation of Discovery Materials as Confidential or JDDI**

(a) A producing Party may designate as confidential Discovery Materials containing "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – JDDI" by stamping or otherwise marking the designated material as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – JDDI" and producing and listing it on a log. For information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – JDDI." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – JDDI" portions.

(1) Each Party shall maintain a log for the Documents it has produced that have been designated "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL - JDDI" and produce an updated log, containing all designations, when producing documents or information that are designated "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL - JDDI." The log shall

identify the specific material that has been designated "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – JDDI," and whether the information has been designated "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – JDDI." For the purposes of the log, Documents that have been designated confidential or JDDI may be identified by Bates Numbers and deposition transcripts may be by page and line number.

(2) The fact that a document is stamped "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – JDDI," by one Party shall not be construed as an admission by any other Party that such document contains confidential and/or protected information, nor shall it limit or preclude the right of any Party to object to the "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – JDDI," designation and to file any appropriate motion(s) to determine the propriety of such designation or protect the designated material.

(a) To the extent reasonably practicable, a producing Party shall designate its discovery responses, responses to requests for admission, briefs, memoranda and all other papers sent to the Court or to opposing counsel as containing "CONFIDENTIAL INFORMATIOON" or "CONFIDENTIAL – JDDI" information when such papers are served or sent.

(b) A Party shall designate information disclosed at a hearing or trial as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – JDDI," by requesting the Court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript appropriately.

### IV. Inadvertent Disclosure of Confidential or John Doe Designated Information

The inadvertent production or disclosure by any Party or non-Parties of any Document, testimony or information in this Proceeding that is, in whole or in part, protected by the attorney-client privilege or the attorney work product doctrine, or any other applicable legal privilege

("Claim of Privilege"), shall be without prejudice to a claim that such item is protected by such a privilege and such Party shall not be held to have waived any rights by the inadvertent production or disclosure. If any Document, testimony or information that is subject to a Claim of Privilege is inadvertently produced or disclosed, the Party that inadvertently produced the document or information shall give written notice of the inadvertent production or disclosure within 90 days of actual discovery of the inadvertent production or disclosure. Failure to provide the notice within 90 days shall not operate as a waiver of an applicable privilege. When a Producing Party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Should the receiving Party choose to destroy the inadvertently produced Document, testimony or information, after being advised the Claim of Privilege the receiving Party shall notify the producing Party in writing of such destruction within ~~10~~ 20 days of receipt of written notice of the inadvertent production.

If the producing Party inadvertently fails to stamp or otherwise appropriately designate or list certain Discovery Materials, Documents, or information as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – JDDI" upon their production or disclosure, such inadvertent failure to designate shall not constitute nor shall it be deemed a waiver of a subsequent claim of protected treatment under this Order. A Party that produces Discovery Materials, Documents, or information which it believes should be designated as "CONFIDENTIAL INFORMATION" OR "CONFIDENTIAL – JDDI," but was not so designated, shall notify the receiving Party it has produced such materials within ten (10) days of so learning that the appropriate designation was not made. Additionally, the receiving Party shall return the subject

materials, as well as any copies, reproductions, or duplications of the materials, to the producing Party within five (5) days of learning that the potentially "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – JDDI" information/documents were inadvertently disclosed.

## V. Parties Who Can Receive Confidential or John Doe Designated Information

Notwithstanding section II, Discovery Materials, Documents, information, or items stamped "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – JDDI," may only be disclosed to: (i) the Parties; (ii) all attorneys representing the Parties in the Litigation; (iii) para-professionals, secretaries, and other non-attorney personnel, who are retained, engaged, or employed by firms or by individual attorneys representing the Parties in the Litigation, but only to the extent that disclosure to such person(s) is necessary in order for them to assist attorneys in connection with the Litigation; (iv) Experts, as outlined in FRCP 26(b)(4), whether the experts are informally consulted but not retained or generally retained; and (v) the Court and all court personnel, including stenographers employed to record and transcribe testimony given upon sworn statement, deposition, and/or trial. To the extent such "CONFIDENTIAL INFORMATION" OR "CONFIDENTIAL – JDDI," may be disclosed to court personnel or filed with the Court it may, upon a showing sufficient to satisfy the requirements of the Court concerning sealed documents, be done under seal, and the party seeking to seal such documents shall have the obligation to seek a Court Order to allow the documents to be submitted under seal.

Additionally, the Parties shall not obtain, take possession of, or otherwise retain any copies, reproductions, or duplications of any Discovery Materials, Documents, information, or items designated as "CONFIDENTIAL INFORMATION" OR "CONFIDENTIAL – JDDI." Moreover, no Party shall transcribe, write, annotate, or otherwise record any of the information that has been designated as "CONFIDENTIAL INFORMATION" OR "CONFIDENTIAL – JDDI," and is prohibited from using such information in any way outside of the Litigation. Subject to the

foregoing restrictions, this section shall not be construed to prevent any Party from otherwise reviewing information designated by any other Party or third party as "CONFIDENTIAL INFORMATION" OR "CONFIDENTIAL – JDDI," or to prevent counsel for a Party from disclosing such information to the Party.

## VI. Permissible Use of Confidential or John Doe Designated Information

### (a) Submission to the Court

To the extent materials containing Plaintiff's name are submitted to the Court, his name shall be redacted and a separate filing with the disclosure of Plaintiff's name shall be submitted under seal. Materials containing Plaintiff's name may be submitted for the Court's consideration for any legitimate purpose including, but not limited to, discovery disputes, dispositive motions, and any other motion practice by the Parties relevant to this matter.

### (b) Other Uses

Persons obtaining access to Discovery Materials, Documents, or materials stamped "CONFIDENTIAL INFORMATION" OR "CONFIDENTIAL – JDDI,"" pursuant to this Order shall use the information only for the purpose of the Litigation, through and including appeal(s), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings, unless required by court order or compelled by force of law.

If any person receiving information covered by this Protective Order is: (a) subpoenaed in another action or proceeding; (b) served with a request or demand in another action to which he, she, or it is a party; or (c) served with any other legal process by one not a party to this action, seeking information designated as "CONFIDENTIAL INFORMATION" OR "CONFIDENTIAL – JDDI," pursuant to this Order, the subpoenaed party shall: (i) promptly give written notice, by hand or facsimile transmission, within forty-eight (48) hours of receipt of such subpoena, request,

demand, or legal process to the party that produced or designated the material as "CONFIDENTIAL INFORMATION" OR "CONFIDENTIAL – JDDI," (ii) decline to produce such material unless otherwise ordered by a court or other tribunal or body with lawful authority to compel disclosure; and (iii) respond to any effort to enforce such subpoena, request, demand, or other legal process by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the subpoenaed Party or anyone else covered by this Order to challenge or appeal any order requiring production of "CONFIDENTIAL INFORMATION" OR "CONFIDENTIAL – JDDI," to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from the Court.

## VII. Disclosure Agreements for Third Parties

Except as provided below, any third parties who are provided with "CONFIDENTIAL INFORMATION" OR "CONFIDENTIAL – JDDI," must execute the disclosure agreement attached hereto as **Exhibit A**. Copies of the executed disclosure agreement must be provided to the other Parties within ten (10) business days of execution of any such disclosure agreement. No disclosures shall be made to any third parties for a period of five (5) business days after the disclosure agreement is provided to the other Parties.

Notwithstanding the foregoing restriction, the following persons may receive "CONFIDENTIAL INFORMATION" OR "CONFIDENTIAL – JDDI" upon executing the disclosure agreement attached hereto as **Exhibit A**, but without notice or disclosure to the other Parties:

(a) Counsel representing a Party in this matter;

(b) Experts retained or specially employed to testify or consult in this Litigation; and

(c) Vendors who provide administrative or litigation support services to a Party's counsel.

This section shall not be construed to apply to any person employed by a Party's attorneys or the Court and all court personnel, including stenographers employed to record and transcribe testimony given upon sworn statement, deposition, and/or trial.

VIII. **Challenges to a Designation of Confidential or JDDI**

(a) Any receiving Party may challenge a producing Party's designation at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a failure of any Party to expressly challenge a claim of "CONFIDENTIAL INFORMATION" OR "CONFIDENTIAL – JDDI," or any Document designation shall not constitute a waiver of the right to challenge the designation at any subsequent time as long as the challenge is made within a reasonable time. The foregoing notwithstanding, the parties agree to use their best efforts to make any challenge to the designation of a Document no later than twenty-one (21) days before trial commences.

(b) To challenge a Party's designation as "CONFIDENTIAL INFORMATION" OR "CONFIDENTIAL – JDDI," any receiving Party desiring to disclose or to permit inspection of the same otherwise than is permitted in this Order, must make a good faith effort to meet and confer with the producing Party prior to seeking assistance from the Court. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue) within 21 days of the date of service of notice of the disputed designation. The Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for

the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or if it establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(c) If, following the Parties' good faith efforts to meet and confer, the Parties cannot agree on a disputed designation, nothing in this Order shall limit a Party's ability to pursue a motion to compel disclosure of the disputed information, a motion to protect the disputed information from being disclosed, or any other similar or related motion practice.

## IX. Later Appearing Parties Assent to Abide by the Terms of the Order

Later Appearing Parties shall agree to abide by the terms of this Order before they can obtain, take possession of, or access information that has been designated as "CONFIDENTIAL INFORMATION" OR "CONFIDENTIAL – JDDI." Later Appearing Parties shall demonstrate their agreement by executing **Exhibit A**, providing an executed copy of the exhibit to the Parties, and filing an executed copy of the exhibit with the Court.

## X. Miscellaneous Provisions

1. This Order shall be without prejudice to any Party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on grounds other than confidentiality.

2. After the termination or conclusion of the Litigation, the Court will continue to have jurisdiction to enforce this Order.

3. Except as required by law, court rules, or ethical obligations of counsel, within one hundred and twenty (120) days after the final conclusion of the Litigation, all Documents information or items designated as "CONFIDENTIAL INFORMATION" OR "CONFIDENTIAL – JDDI," and all copies of such documents, other than exhibits of record, shall be destroyed or returned to the party who produced and designated such materials.

4. Nothing in this Protective Order shall prevent any Party or other individual or entity from seeking modification of the Protective Order or from objecting to discovery that it believes to be otherwise improper. This Protective Order, however, shall not be modified absent an order of the Court or the written agreement of all the Parties hereto.

Dated: March 1, 2018

Dated: March 1, 2018

JACKSON LEWIS P.C.

HUBLEY LAW, LTD

/s/ Dione C. Wrenn
ELAYNA J. YOUCHAH, Bar #5837
DIONE C. WRENN, Bar #13285
3800 Howard Hughes Pkwy., Suite 600
Las Vegas, Nevada 89169
*Attorneys for Defendant*

/s/ Gregg A. Hubley
GREGG A. HUBLEY, Bar #7386
7030 Smoke Ranch Road, Suite B
Las Vegas, Nevada 89128
*Attorney for Plaintiff*

## ORDER

IT IS HEREBY ORDERED, ADJUDICATED, AND DECREED that the instant *Stipulated Protective Order Governing Disclosure of Confidential or John Doe Designated Information* is **GRANTED** in accordance with the terms and provisions described above.

Dated this ___March 2___, 2018.

_____
UNITED STATES
MAGISTRATE JUDGE

-14-

# EXHIBIT A TO STIPULATED PROTECTIVE ORDER

CERTIFICATE OF KNOWLEDGE OF AND COMPLIANCE WITH PROTECTIVE ORDER

1. I am familiar with and agree to be bound by the terms of the *Stipulated Protective Order Governing Disclosure of Confidential or John Doe Designated Information* (the "Protective Order") in the litigation styled *John Doe v. Ranalli Zaniel Fowler Moran, LLC*, bearing Case No. 2:17-cv-02556-JAD-CWH and proceeding in United States District Court, District of Nevada (the "Litigation").

2. I will only make such copies of or notes concerning documents containing Confidential Information as are necessary for my participation in the Litigation.

3. I will not reveal the contents of any Confidential or John Doe Designated Information to any person not authorized to receive it in this Order.

4. I will not use Confidential or John Doe Designated Information for any purpose other than the prosecution or defense of claims in the Litigation or as otherwise required by law.

Dated: _____

By: _____

Name: _____

4812-5835-4270, v. 1

-15-