**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
GREGG A. HUBLEY, ESQ.
Nevada Bar NO. 7386
7030 Smoke Ranch Road, Suite B
Las Vegas, Nevada 89128
Telephone: (702) 789-7529
Facsimile: (702) 909-7865
E-mail: gregg@aswtlawyers.com

-and-

MICKEL MONTALBAN ARIAS, ESQ. (*pro hac vice admitted*)
CA Bar No. 115385
6701 Center Drive West, 14th Floor
Los Angeles, CA 90045
Telephone: (310) 844-9696
Facsimile: (310) 670-1231
E-mail: mike@aswtlawyers.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN DOE, Individually; <br><br> Plaintiff, <br><br> vs. <br><br> RANALLI, ZANIEL, FOWLER & MORAN, LLC, a Nevada Limited Liability Company; DOES I–X, and ROE CORPORATIONS I–X, inclusive, <br><br> Defendants. | Case No.: 2:17-CV-02556 <br><br> **STIPULATION AND ORDER TO STAY DISCOVERY AND EXTEND DISCOVERY DEADLINES (SECOND REQUEST)** |

Plaintiff, JOHN DOE, and Defendant, RANALLI, ZANIEL, FOWLER & MORAN, LLC, (Collectively "the parties"), by and through their undersigned and respective counsel, hereby stipulate and agree as follows:

1. On January 23, 2018, this Court entered an Order granting the Stipulated Discovery Plan and Scheduling Order submitted by the parties.

2. On May 15, 2018, this Court entered an Order granting the parties' Stipulation and Order to Extend Close of Discovery and Dispositive Motion Deadlines (First Request) [Doc. 27].

3. The parties are working together in good faith in an attempt to resolve all of the issues in this matter, and are in the process of scheduling private mediation with the Hon. Philip M. Pro (Ret.)

Page **1** of **5**

1529-0001/263497

to take place before the end of August, 2018, if the parties are unable to resolve all issues beforehand without attending private mediation.

4. The parties stipulate and agree to stay discovery for sixty (60) days, for the purpose of allowing them to complete mediation. If the parties are unable to successfully resolve all issues before or after private mediation, the proposed plan below provides the parties with sufficient time to complete all discovery.

5. The parties further stipulate and agree to extend the dispositive motion and pre-trial order deadlines for an additional one hundred twenty (120) day period.

6. The parties further stipulate and agree that, during the sixty day stay of discovery, the Defendant is relieved of its obligation to serve responses to pending written discovery. Plaintiff has responded to all outstanding written discovery, and has undergone a deposition, and during the sixty day requested stay the Defendant will not serve any additional written discovery on Plaintiff.

7. The parties have vacated and/or rescheduled all noticed depositions. Neither party will issue a subpoena for deposition of a witness during the sixty day stay, and Plaintiff will not notice the deposition of any of Defendant's principals or employees during the sixty day stay.

8. The parties further stipulate and agree that if the parties are unable to reach an agreement during the sixty day stay, the Defendant's responses to the written discovery from Plaintiff will be due twenty (20) calendar days after the sixty day stay ends.

9. The parties further stipulate and agree that if the parties are unable to reach an agreement during the sixty day stay, the employees and principals of Defendant whose depositions have been noticed will work toward ensuring they are available for deposition within the sixty day period following the stay, and that their depositions will be completed, to the best of the parties abilities to do so, on or before September 14, 2018.

**STATEMENT OF DISCOVERY THAT HAS BEEN COMPLETED**

1. Plaintiff served the following disclosures:

   a. Initial Disclosures on January 23, 2018;

   b. First Supplemental Disclosures on February 16, 2018;

   c. Second Supplemental Disclosures on March 2, 2018.

1529-0001/263497

2. Defendant served the following disclosures:
   a. Initial Disclosures on January 23, 2018;
   b. First Supplemental Disclosures on April 9, 2018;
   c. Second Supplemental Disclosures on April 16, 2018;
   d. Third Supplemental Disclosures on April 20, 2018;
   e. Fourth Supplemental Disclosures on April 23, 2018;
   f. Fifth Supplemental Disclosures on May 4, 2018.
3. Plaintiff served the following discovery requests:
   a. First Set of Request for Production of Documents. Defendant's response was due on May 25, 2018, and its obligation to respond was stayed;
   b. First Set of Interrogatories. Defendant's response was due on May 25, 2018, and its obligation to respond was stayed;
   c. First Set of Requests for Admissions. Defendant's response was due on May 25, 2018, and its obligation to respond was stayed;
   d. Second Request for Production of Documents. Defendant's response was due on June 4, 2018, and its obligation to respond was stayed.
4. Defendant served the following discovery requests:
   a. First Set of Interrogatories. Plaintiff responded on February 16, 2018;
   b. First Set of Request for Production of Documents. Plaintiff responded on February 16, 2018.
   c. First Set of Request for Admission. Plaintiff's response was due on June 4, 2018, and his obligation to respond was stayed.
5. Completed Depositions: Plaintiff John Doe.

**STATEMENT OF DISCOVERY THAT REMAINS TO BE COMPLETED**

The Defendant has not served its responses to Plaintiff's written discovery based upon the parties commencement of resolution discussions, although the Defendant has issued subpoenas and has served several disclosures. The Plaintiff has not yet responded to the Defendant's First Set of Requests for Admission for the same reason. The remaining depositions consist of two of Defendant's

1529-0001/263497

named partners, Defendant's office manager, two (2) associates employed by Defendant, Plaintiff's out-of-state treating physician, and three (3) insurance adjusters, two of whom are also located out-of-state. Due to counsels' conflicting schedules, and multiple out-of-state witnesses, additional time and resources will be required to coordinate and complete the remaining depositions. The parties have agreed to proceed to private mediation in an attempt to resolve all of the issues in this proceeding with the Hon. Philip M. Pro (Ret.) if the parties are unable to do so in advance of private mediation. The parties wish to avoid or minimize the significant time, expense and resources that will be needed to complete all of the in- and out-of-state depositions and remaining discovery and focus their efforts on mediation. For the above reasons, the parties request that discovery be stayed for sixty (60) days, until August 31, 2018, and that the remaining pretrial deadlines be extended an additional one hundred twenty (120) days.

**PROPOSED SCHEDULE**

1. Discovery shall be stayed for ninety (90) days, until August 31, 2018.

2. The parties agree to extend the following discovery deadlines by one hundred twenty (120) days as follows:

    a. Close of Discovery:                       November 9, 2018

    b. Deadline to file Dispositive Motions:     December 10, 2018

    c. Deadline to file Joint Pre-Trial Order:     January 9, 2019

       (i) In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty days after decision on the dispositive motions or by further order of the Court.

3. If the parties are unable to resolve all issues at or before private mediation, the Defendant's responses to the written discovery will be due on September 10, 2018, ten days after the stay ends.

4. If the parties are unable to resolve all issues at or before private mediation, the employees and principals of Defendant, whose depositions have been noticed, will be rescheduled and taken on or before September 21, 2018.

///

1529-0001/263497

1  This Stipulation and Order is sought in good faith and not for purposes of delay. The parties requested one prior 35-day stay of discovery [Doc. 27] and used that time to narrow the disputed issues and coordinate a private mediation.

**IT IS SO STIPULATED.**

DATED this __26__ day of June, 2018.    DATED this __26__ day of June, 2018.

**ARIAS SANGUINETTI WANG**           **JACKSON LEWIS, P.C.**
**& TORRIJOS, LLP**


By: /s/ Gregg A. Hubley                By: /s/ Elayna J. Youchah
    GREGG A. HUBLEY, ESQ.                ELAYNA J. YOUCHAH, ESQ.
    Nevada Bar No. 7386                  Nevada Bar No. 5837
    7030 Smoke Ranch Rd., Ste. B         3800 Howard Hughes Pkwy., Ste. 600
    Las Vegas, NV 89128                  Las Vegas, NV 89169
      -and-
    MICKEL MONTALBAN ARIAS, ESQ.         *Attorneys for Defendant*
    (*pro hac vice admitted*)
    CA Bar No. 115385
    6701 Center Drive West, 14th Floor
    Los Angeles, CA 90045

*Attorneys for Plaintiff*

**IT IS SO ORDERED.**

DATED: June 28, 2018

_____
UNITED STATES MAGISTRATE JUDGE